UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Arthur T. Menaldi, ) | CASE NO. 4:25 CV 593 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| Norfolk Southern Railroad Company, ) | |
| ) | |
| Defendant. ) | |

### INTRODUCTION

*Pro se* Plaintiff Arthur T. Menaldi filed this action against Norfolk Southern Railroad Company. His Complaint is very brief. He appears to allege that he had a cancerous growth removed from his face in February 2023. The growth was not visible in January 2023. He does not identify any legal claims, and does not mention the Defendant in any of his allegations. He seeks "200,000 Due Pain Suffer and Cancers in face and medical if needs." (Doc. No. 1 at PageID #: 4).

### BACKGROUND

Plaintiff's Complaint states in its entirety, "Cancer face in Feb, 2023." (Doc. No. 1 at PageID #: 3). To support his Complaint, he attaches photographs showing a bandage on the bridge of his nose with the caption "Feb 23, 2023" (Doc. No. 1 at PageID #: 6-7) and another showing him in a face mask with the caption "Jan 23th [sic] Didn [sic] have it" (Doc. No. 1 at

PageID #: 8). He attaches a third photograph of a road or an alley with the caption, "Feb 3, 1033 on way Roger 1033." (Doc. No. 1-1 at PageID #: 9). He provides no other information about these photographs, no additional facts in the Complaint or the attachments, and no legal claims.

**STANDARD OF REVIEW**

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). District courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam)(citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

**DISCUSSION**

In this case, Plaintiff's Complaint does not meet the basic minimum pleading requirements of Federal Civil Procedure Rule 8, and does not establish a basis for federal court subject matter jurisdiction. He states only that he had a cancerous growth on his face in February 2023. One of his photographs suggests that he did not have a visible growth in January

2023. He does not allege facts that connect these statements to the Defendant nor does he identify a federal legal claim he may have against the Defendant.

Two of his photographs reference February 2023. It is possible that Plaintiff may be implying that his cancerous lesion was caused by the Norfolk Southern train derailment in East Palestine, Ohio on February 3, 2023. He has not alleged, however, a single fact that connects him to the Defendant or the train derailment, nor has he identified a legal claim that establishes a basis for federal subject matter jurisdiction.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 4/8/25

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court Judge